(No. 12123.—Decree affirmed.)

L. D. SWAIM *et al.* Appellees, *vs.* C. A. SWAIM, Appellant.

*Opinion filed June 20, 1918.*

WILLS—*when limitation to life estate applies to preceding devise of land.* Where a devise of land to the testator's wife is immediately followed, without punctuation, by a bequest of all the testator's personal property, beginning with the words, "I also bequeath," after which bequest are the words, "to be held by her until her death," the limitation to a life interest will be construed to apply to the devise of land where the personal estate is comparatively insignificant and no other intention appears from the will.

APPEAL from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

L. M. KAGY, and E. B. VANDERVORT, (CURTIS WILLIAMS, and A. D. WEBB, of counsel,) for appellant.

FRANK F. NOLEMAN, JUNE C. SMITH, and SAMUEL N. FINN, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Marion county granting partition of eighty acres of land. The land formerly belonged to Volney E. Swaim, who died testate some years ago, leaving a widow and six children surviving him. He also left surviving him three grandchildren, the children of a deceased daughter. The widow died February 28, 1917. During her lifetime, on October 20, 1915, she conveyed the eighty acres of land by warranty deed to her son C. A. Swaim. After the death of the widow, appellees, some of the heirs of Volney E. Swaim, filed a bill for partition, alleging the land was devised to the testator's heirs in equal shares, subject to a life estate in the widow, and that by her deed to C. A. Swaim the widow conveyed nothing but her life estate. The bill set up the interest of all the heirs of Volney E. Swaim and

alleged that C. A. Swaim was seized only of an undivided one-seventh of said tract of land. C. A. Swaim filed an answer, alleging he was the owner in fee of the entire eighty acres and that the other heirs of Volney E. Swaim had no interest therein. He claimed title by virtue of the deed from his mother and claimed that she acquired title in fee by the will of Volney E. Swaim, her husband. He also filed a cross-bill, asking that his title to said tract of land be quieted. Upon a hearing the prayer of the original bill for partition was granted and a decree for partition entered in accordance with the interests of the parties set out in the original bill. The cross-bill of C. A. Swaim was dismissed for want of equity.

The title to the land depends upon the construction to be given to the will of Volney E. Swaim. The will is short and is in crude language, with little or no punctuation. The lines of the will are numbered by figures from 1 to 30. The part of the will in controversy begins with line 9 and ends with line 19. There is no punctuation mark at the end of line 8, and we here set out the will from line 9 to 19, inclusive, as it was written:

> "I give and bequeath to my wife
> Martha J. Swaim 80 Acres of
> Land Situated in Section 26 Town
> One Rang 3. East of the 3 rd P. M
> in Marion County State of Illinois
> I also bequeath to my wife all
> my personal property after all my
> Legal debts are paid. to be held
> by her until her death. then to be
> divided Equally among my Legal
> heirs."

It is the contention of appellant that it was the intention of the testator to give to his widow a fee simple title to the eighty acres of land and a life estate, only, in his personal property, and that this is the construction which should be given to the will. If that was the intention of the testator no rule of law would be violated by giving it

effect, and the will should be construed to carry out the wishes and intentions of the testator. As we read the will it does not indicate any such intention on the part of the testator as is contended for by appellant. The only reasonable construction to be given the will is that it was the intention of the testator to give to his widow for her life all his property, real and personal, and at her death it was to be divided among his heirs. The inventory shows that the personal estate consisted of a mare and colt, some farm machinery, household and kitchen furniture, one-third of a crop of corn on twenty-five acres of land, six tons of hay and $42 in cash. It would seem rather remarkable and unusual that in making provision for his widow after his death the testator would give her a life estate, only, in personal property of the character he owned and give her the fee simple title to his land. This, however, would not, of itself, justify refusing to give that construction to the will if it appeared from that instrument that such was the intention of the testator. The will before us does not indicate that the testator intended to devise his land to his widow in fee and a life estate, only, in his personal property. If the will had stopped at the end of line 13 it would have been a good devise in fee of the land. The will, however, did not stop there, but line 13 was immediately followed by a bequest of the personal property after the debts were paid, and immediately following the bequest of personal property were the words, "to be held by her until her death. then to be divided equally among my Legal heirs." The estate granted the widow, both in the land and personal property, was limited by these express words to an estate for life. No other reasonable construction can be given to the language used in the will.

The decree of the circuit court is affirmed.

*Decree affirmed.*